8872

FIRST NATIONAL BANK v. CAROLINA MIDLAND WAREHOUSE CO. *ET AL.*

(82 S. E. 405.)

REVIVAL OF JUDGMENTS.

A judgment obtained and entered in 1895 cannot be revived by service of summons to renew execution after the expiration of ten years from that date.

Before GAGE, J., Barnwell, November, 1913. Affirmed.

Proceeding under summons to renew execution on judgment recovered in 1895, issued and served in October, 1913. From order refusing motion, J. R. Pringle and T. Moultrie Mordecai, receivers of the Royal Fertilizer Company, claiming the judgment under an assignment from the plaintiff, First National Bank of Charleston, made on 23 June, 1911. Appeal.

*Mr. Thos. M. Boulware,* for appellant, cites: 13 S. C. 120 and 59 S. C. 70.

*Mr. James M. Patterson,* for respondents, cites: 81 S. C. 89; 45 S. C. 11; 19 S. C. 498; Code Civil Proc., secs. 347 to 349.

July 15, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was a summons to renew an execution, and was heard by his Honor, Judge Gage, at the Fall term of the Court, in 1913, for Barnwell county. The summons (issued October 1, 1913) recited that the judgment was obtained and entered upon the docket, and execution issued thereon April 10, 1895, from the Court, but that the active energy had expired, and defendants were summoned to show cause why the same should not be renewed at the next term of Court. The defendants answered, and alleged that more than ten years had elapsed since the rendition and entry of the judgment, and that the lien thereof, if any, had been lost. His Honor refused the motion without prejudice to the plaintiff to prosecute his remedy in any other way he sees fit except that determined in this proceeding. The plaintiff appeals and, by three exceptions, alleges error on the part of his Honor. At the hearing exceptions two and three were abandoned. The first exception is as follows: "1. Because his Honor erred in sustaining and holding sufficient the return made by the defendant, C. M. Edenfield, to the summons to renew execution on said judgment, in that, this being, not a summons to revive said judgment, but a summons to renew execution, which is the equivalent of a motion for leave to issue execution. His Honor erred in applying the law governing the revival of judgments, and in not holding, that the plaintiff could apply to the Circuit Court for leave to issue execution on its judgment after ten years from its date and within twenty years therefrom."

This exception is overruled. Sections 347-349 of Code Civ. Proc. 1912, provides how an execution can be revived and that it must be within ten years after rendition of judgment. *Blohme* v. *Schmancke,* 81 S. C. 89, 61 S. E. 1060, and cases therein cited.

Judgment affirmed.

MR. JUSTICE GAGE was disqualified, and did not sit in this case.